**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

LAURIE NICOLE REYNOLDS,

       Plaintiff,

  v.

MARK ALAN REYNOLDS, FLORIDA
DEPARTMENT OF REVENUE, and
FLORIDA DMV,

       Defendants.

CIVIL ACTION NO.: 2:24-cv-67

## REPORT AND RECOMMENDATION

Plaintiff filed this action pro se.  Doc. 1.  The Court ordered Plaintiff to file an Amended

Complaint, and Plaintiff did so.  Docs. 6, 9.  For the reasons stated below, I **RECOMMEND** the

Court **DISMISS** Plaintiff's Amended Complaint in its entirety, **DIRECT** the Clerk of Court to

**CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to

proceed *in forma pauperis* on appeal.[1]

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed
is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of
its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th
Cir. 2011) (citations and internal quotations marks omitted).  A magistrate judge's report and
recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec.
Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a
district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report
recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678
F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims
would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Plaintiff his

## PLAINTIFF'S CLAIMS[2]

Plaintiff's allegations concern her inability to acquire a Georgia driver's license due to events occurring in Florida.  Doc. 9.  Specifically, Plaintiff alleges that Defendant Mark Reynolds instigated a perjured police report, which triggered a child support order.  Id. at 4.  As a result of the child support order, Plaintiff's driver's license was suspended.  Id.  Plaintiff explains that "Georgia is refusing to issue Plaintiff's license because of the Florida suspension."  Id. at 5.  Plaintiff asserts due process claims against all parties and seeks monetary damages.  Id. at 5, 6.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii); Dingler v. Georgia, 725 F. App'x 923, 927 (11th Cir. 2018) (Section 1915(e)(2)(B) "plainly applies to anyone proceeding in forma pauperis, prisoners and non-prisoners alike."); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (Non-prisoner indigent plaintiffs are "clearly within the scope

---

suit is due to be dismissed.  As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]    All allegations set forth here are taken from Plaintiff's Amended Complaint.  Doc. 9.  During frivolity review, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

of § 1915(e)(2)[.]"); Dutta-Roy v. Fain, No. 1:14-CV-280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

## I.    Plaintiff's Claims Against Defendant Mark Reynolds

Plaintiff names Mark Reynolds as a Defendant and alleges that he "instigated the perjured police report" that led to the suspension of her driver's license. Doc. 9 at 4. However, § 1983 generally does not apply to private actors. To state a valid claim under § 1983, a plaintiff must make a showing that the conduct at issue (1) was committed by a person acting under color of state law and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156–57 (1978)). A private party only acts under color of state law if: (1) the State "coerced or at least significantly encouraged the action alleged to violate the Constitution;" (2) the private actor performed a function "traditionally the exclusive prerogative of the state;" or (3) the State "so far insinuated itself into a position of interdependence with" the private actor that it was a "joint participant in the

enterprise." <u>Willis v. University Health Servs.</u>, 993 F.2d 837, 840 (11th Cir. 1993) (citation omitted). Plaintiff has alleged none of these bases for private actor liability under § 1983. Consequently, Plaintiff has not stated a proper claim under that statute against Defendant Mark Reynolds.

## II.    Plaintiff's Claims Against Defendants Florida Department of Revenue and Florida DMV

Plaintiff names two entities as Defendants: the Florida Department of Revenue and the Florida Department of Highway Safety and Motor Vehicles (the "Entity Defendants"). To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995); <u>see also</u> <u>Strange v. JPay Corp.</u>, No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020).

While local governments qualify as "persons" under § 1983, state agencies are generally not considered legal entities subject to suit. <u>See</u> <u>Nichols v. Ala. State Bar</u>, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 276 (1986)); <u>Lewis v. Castro</u>, Case No. 6:24-cv-1608, 2024 WL 5673709, at *4 (M.D. Fla. Sept. 12, 2024) (finding that the Florida Department of Revenue is not a "person within the meaning of § 1983"), <u>report and recommendation adopted</u>, 2024 WL 5673724 (M.D. Fla. Nov. 25, 2024); <u>McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles</u>, 438 F. App'x 754, 756 (11th Cir. 2011) (finding that an arm of the Florida Department of Highway Safety and Motor Vehicles is not a "person" for the purposes of § 1983). Because the Entity Defendants are state agencies, none are "persons" subject to suit

under § 1983. <u>Hale</u>, 50 F.3d at 1582. For this reason, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against them.[3]

### III.    Leave to Appeal *in Forma Pauperis*

I also recommend the Court deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. <u>See</u> Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" <u>Moore v. Bargstedt</u>, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[3]    This case also presents serious questions regarding personal jurisdiction, as none of the Defendants appear to have any connection to the State of Georgia. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1274 (11th Cir. 2009). As such, this Amended Complaint could be dismissed on independent grounds for lack of personal jurisdiction.

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Amended Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

      **SO REPORTED and RECOMMENDED**, this 14th day of July, 2025.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA